IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
OF THE STATE OF FLORIDA IN AND FOR HILLSBOROUGH COUNTY
CIVIL DIVISION

| | |
|---|---|
| Jason Cotterill<br>  Plaintiff<br>Vs.<br><br>Mossberg & Sons Inc.<br>Serve: Joseph H. Bartozzi<br>7 Grasso Ave.<br>North Haven CT  06473<br><br>And<br><br>TO:  Walmart Stores East, Inc.<br>Serve:<br>C T CORPORATION SYSTEM<br>1200 SOUTH PINE ISLAND ROAD<br>PLANTATION FL 33324<br><br>And<br><br>Olin Corporation<br>CT CORPORATION SYSTEM<br>1200 S. PINE ISLAND ROAD<br>PLANTATION FL 33324 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.<br>)<br>)<br>) Div.   07 00512<br>)<br>)       DIVISION A<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

COMES NOW, Plaintiff, by and through counsel, Carolyn M. Holt, 2202 N. Westshore Blvd., Suite 200, Tampa Fl  33607, and hereby sues Defendants and in support thereof states as follows:

### General Allegations

1. This is an action for damages in excess of fifteen thousand dollars ($15,000), exclusive of interest, costs and attorneys' fees.

2. At all material times Plaintiff was a resident of Hillsborough County Florida.

3. The basis of this suit is from an occurrence in Hillsborough County Florida.

4. At all material times Defendant Mossberg & Sons Inc. (hereinafter Mossberg) manufactured rifles including the 100 ATR Marienecote (hereinafter the rifle).

5. Defendant Mossberg sold the subject rifle to Walmart (or a third party who sold it to Walmart) for the distribution and sale of the subject rifle in Hillsborough County Florida.

6. Defendant Mossberg sold the subject rifle to Walmart to be offered to the general public for sale in Hillsborough County Florida.

7. Defendant Olin Corporation manufactures ammunition including the Winchester Super X 270 WIN 150 GR. (grain) Power Point (hereinafter the subject ammunition).

8. Defendant Olin Corporation sold the subject ammunition to Walmart, and Walmart offered it for sale to the general public in Hillsborough County Florida.

9. Defendant Walmart Stores East Inc. (hereinafter Walmart) served as a retail store operating in Hillsborough County Florida.

10. Defendant Walmart sold the subject rifle AND the subject ammunition to the Plaintiff and/or his girlfriend on July 3, 2006.

11. On July 12, 2006 the rifle was used by the plaintiff and it exploded into his face causing severe injuries.

12. Plaintiff was a likely and intended user of the subject rifle and ammunition.

13. On July 12, 2006 the plaintiff was transported by helicopter to the hospital for life saving medical treatment.

14. The subject rifle was defective at the time it left possession of Mossberg.

15. The subject rifle was defective when it was sold to the plaintiff by Defendant Walmart.

16. The subject ammunition was defective and unreasonably dangerous when it left the possession of Defendant Olin.

17. The subject ammunition was defective and unreasonably dangerous when it was sold by Defendant Walmart.

18. The defective rifle was unreasonably dangerous when it left possession of defendant Mossberg.

19. The defective rifle was unreasonably dangerous when it was sold by Walmart to the Plaintiff.

20. At all material times Plaintiff used the rifle and the ammunition as it was intended and expected to be used.

21. At all material times, Defendant Mossberg was a Connecticut corporation which engaged in substantial business activity in the State of Florida.

22. At all material times, Defendant Walmart was a Delaware corporation which engaged in substantial business activities in Hillsborough County Florida, and which maintained a primary place of business in the State

of Florida.

23. At all material times, Defendant Olin was a Illoinis corporation which engaged in substantial business activities in Hillsborough County Florida, and which maintained a primary place of business in the State of Florida.

24. At all material times, Defendant Mossberg manufactured a product, the subject rifle, which was intentionally placed within the stream of commerce, was used in the State of Florida, and later caused significant injury within the State of Florida, to a Florida State resident, namely the Plaintiff.

25. At all material times, Defendant Olin manufactured a product, the subject ammunition, which was intentionally placed within the stream of commerce, was used in the State of Florida, and later caused significant injury within the State of Florida, to a Florida State resident, namely the Plaintiff.

26. Plaintiff's girlfriend Bonnie Erickson purchased the subject rifle and ammunition from Defendant Walmart on or about July 3, 2006.

27. Plaintiff loaded the ammunition purchased from Walmart into the subject rifle and attempted to fire it on July 12, 2006 at about 11:30 AM to 12 O Clock noon.

28. The rifle exploded and a bullet was shot into the plaintiff's face.

29. The parts of the exploding rifle and the bullet caused serious injury to the plaintiff.

30. The plaintiff was air lifted to the hospital where he was treated for

these injuries.

## Count I—Mossberg Strict Liability

31. Each and every paragraph above is realleged by incorporation as if fully stated in this count.

32. The product involved in this action is a Mossberg 110 ATR (All Terrain Rifle) Single Bolt Action inventory 1581326030.

33. The plaintiff was a user of the product.

34. At all material times, defendant Mossberg was in the business of designing, manufacturing, converting and selling rifles, including the subject rifle which injured the Plaintiff.

35. Mossberg designed, manufactured and sold the subject rifle.

36. Defendant Mossberg placed the rifle on the market knowing that it would be used without inspection for defects in that the rifle was in a sealed carton or other container.

37. The rifle was expected to, and did, reach the plaintiff without substantial (or any) change in the condition in which it was sold in that it was sold in the same container.

38. At the time the subject rifle left the possession of Mossberg the subject rifle was defective making it unreasonably dangerous.

39. The rifle was in a defective condition unreasonably dangerous to plaintiff's person when it was sold.

40. Defendant Mossberg has a duty to their ultimate users of the rifles, to manufacture rifles that are not defective so that serious injuries are not caused by the rifles.

41. The use by the plaintiff of the subject rifle was as intended and as anticipated by defendant Mossberg.
42. When the plaintiff pulled the trigger of the rifle the rifle literally exploded into pieces and a bullet was shot into the plaintiff's face.
43. The rifle was held out by Mossberg as appropriate and safe to shoot.
44. The rifle was not modified in any way subsequent to the purchase of it.
45. Defendant Mossberg placed the subject rifle on the market and later sold it when it was defective and unreasonably dangerous.
46. At the time of the design manufacture conversion and sale of the subject rifle, the defects and unreasonable dangers detailed above were remediable and such remedies were economically feasible to defendant Mossberg.
47. As a direct and proximate result of the defective and unreasonably dangerous condition of the subject rifle the Plaintiff sustained significant injury.
48. Defendant Mossberg is strictly liable for the injuries sustained by the plaintiff as a result of the defective rifle.
49. As a direct and proximate result of the aforementioned, Plaintiff was injured, has sustained considerable damages, including but not limited to severe bodily injuries, brain damage, pain and suffering, disability, disfigurement, mental anguish, the loss of past and future earnings, the loss of capacity for the enjoyment of life, the expenses of hospitalizations, medical care, nursing care, and prescriptions.
50. As a direct and proximate result of the aforementioned, Plaintiff

suffered brain damage.

51. As a further direct and proximate result of the defective condition of Defendant's product, plaintiff has been caused to incure both great physical pain and suffering and great mental pain and suffering and in all probability will continue to suffer for the rest of his life.

52. These damages are either permanent or will continue to be incurred by plaintiff into the future

WHEREFORE, Plaintiff demands judgment against Defendant Mossberg, for general damages, compensatory damages, special damages including medical expenses and lost wages, permanent disability damages, interest, costs and such other relief as this Honorable Court may deem just and necessary.  Plaintiff demands a jury trial on the aforementioned claim.

### Count II—Mossberg breach of warranty/breach of contract

53. Each and every paragraph above is realleged by incorporation as if fully stated in this count.

54. Defendant Mossberg issued express warranties via the owners manual, and other documents, and issued an implied warranty of merchantability, and warranty of fitness for the particular purposed on the subject rifle.

55. Defendant Mossberg has a duty to the plaintiff, the ultimate user, to adhere to the contract and to the warranties.

56. Defendant Mossberg breached its contract, express warranties, implied

warranty of merchantability, and warranty of fitness for the particular purposed, issued as related to the subject rifle.

57. As a direct and proximate result of the aforementioned breaches, Plaintiff was injured, has sustained considerable damages, including but not limited to severe bodily injuries, brain damage, pain and suffering, disability, disfigurement, mental anguish, the loss of past and future earnings, the loss of capacity for the enjoyment of life, the expenses of hospitalizations, medical care, nursing care, and prescriptions.

58. These damages are either permanent or will continue to be incurred by plaintiff into the future

WHEREFORE, Plaintiff demands judgment against Defendant Mossberg, for compensatory damages, interest, costs and such other relief as this Honorable Court may deem just and necessary.  Plaintiff demands a jury trial on the aforementioned claim.

## Count III-Mossberg-Negligence

59. Each and every paragraph above is realleged by incorporation as if fully stated in this count.

60. Defendant Mossberg has a duty to the plaintiff, the ultimate user to manufacture, test, and sell a safe product that will not explode with normal and expected use.

61. Defendant Mossberg was negligent in that it failed to use appropriate materials in the construction of the subject rifle.

62. Defendant Mossberg was negligent in that it failed to test the subject rifle prior to the distribution of it.

63. Defendant Mossberg was negligent in that it failed to properly engineer the subject rifle.

64. Defendant Mossberg was negligent in that it failed to respond to complaints about the subject rifle.

65. Defendant Mossberg was negligent in failing to recall the subject rifle.

66. As a result of the aforementioned negligence of Defendant, Plaintiff was injured.

67. As a direct and proximate result of the aforementioned negligence, Plaintiff was injured, has sustained considerable damages, including but not limited to severe bodily injuries, brain damage, pain and suffering, disability, disfigurement, mental anguish, the loss of past and future earnings, the loss of capacity for the enjoyment of life, the expenses of hospitalizations, medical care, nursing care, and

prescriptions.

68. These damages are either permanent or will continue to be incurred by plaintiff into the future

WHEREFORE, Plaintiff demands judgment against Defendant Mossberg, for compensatory damages, interest, costs and such other relief as this Honorable Court may deem just and necessary. Plaintiff demands a jury trial on the aforementioned claim.

### Count IV-Intentional misrepresentation/Failure to warn

69. Each and every paragraph above is realleged by incorporation as if fully stated in this count.
70. Defendant Mossberg was aware of the dangerous condition of the subject rifle or acted with reckless disregard as to its unsafe condition and nonetheless continued to sell this product.
71. Defendant Mossberg recalled similarly constructed Mossberg rifles knowing they were defective.
72. Defendant Mossberg failed to effect a recall on the subject Mossberg rifle.
73. Defendant issued the users manual with the knowledge the product was defective and unreasonably dangerous.
74. Defendant had a duty to warn plaintiff of possible harm.
75. Defendant acted with reckless disregard for the safety of the Plaintiff the ultimate intended user of the product it sold.

76. Plaintiff relied on the representations to his detriment.

77. As a direct and proximate result of the aforementioned intentional conduct, Plaintiff was injured, has sustained considerable damages, including but not limited to severe bodily injuries, brain damage, pain and suffering, disability, disfigurement, mental anguish, the loss of past and future earnings, the loss of capacity for the enjoyment of life, the expenses of hospitalizations, medical care, nursing care, and prescriptions.

78. These damages are either permanent or will continue to be incurred by plaintiff into the future

## Count V – Negligent Misrepresentation

79. Each and every paragraph above is realleged by incorporation as if fully stated in this count.

80. Defendant Mossberg was aware or should have been aware of the dangerous condition of the subject rifle and nonetheless continued to sell this product.

81. Defendant issued the users manual with the knowledge or should have known that the product was defective and unreasonably dangerous.

82. Plaintiff relied on the representations to his detriment.

83. As a direct and proximate result of the aforementioned negligent misrepresentation, Plaintiff was injured, has sustained considerable damages, including but not limited to severe bodily injuries, brain damage, pain and suffering, disability, disfigurement, mental anguish,

the loss of past and future earnings, the loss of capacity for the enjoyment of life, the expenses of hospitalizations, medical care, nursing care, and prescriptions.

84. These damages are either permanent or will continue to be incurred by plaintiff into the future

WHEREFORE, Plaintiff demands judgment against Defendant Mossberg, for compensatory damages, interest, costs and such other relief as this Honorable Court may deem just and necessary. Plaintiff demands a jury trial on the aforementioned claim

### Count VI- Olin -strict liability

85. Each and every paragraph above is realleged by incorporation as if fully stated in this count.
86. At all material times, defendant Olin was in the business of designing, manufacturing, converting and selling ammunition, including the subject ammunition which injured the Plaintiff.
87. Olin designed, manufactured and sold the subject ammunition.
88. At the time the subject ammunition left the possession of Olin the subject ammunition was defective making it unreasonably dangerous.
89. Defendant Olin has a duty to their ultimate users of the ammunition, to manufacture ammunition that is not defective so that serious injuries are not caused by the ammunition.
90. The use by the plaintiff of the subject ammunition was as intended and

as anticipated by defendant Olin.

91. Defendant Olin placed the subject ammunition on the market and later sold it when it was defective and unreasonably dangerous.

92. At the time of the design manufacture conversion and sale of the subject ammunition, the defects and unreasonable dangers detailed above were remediable and such remedies were economically feasible to defendant Olin.

93. As a direct result of the defective and unreasonably dangerous condition of the subject ammunition the Plaintiff sustained significant injury.

94. Defendant Olin is strictly liable for the injuries sustained by the plaintiff as a result of the defective ammunition.

95. As a direct and proximate result of the aforementioned, Plaintiff was injured, has sustained considerable damages, including but not limited to severe bodily injuries, brain damage, pain and suffering, disability, disfigurement, mental anguish, the loss of past and future earnings, the loss of capacity for the enjoyment of life, the expenses of hospitalizations, medical care, nursing care, and prescriptions.

96. These damages are either permanent or will continue to be incurred by plaintiff into the future

WHEREFORE, Plaintiff demands judgment against Defendant Olin, for compensatory damages, interest, costs and such other relief as this Honorable Court may deem just and necessary.  Plaintiff demands a jury trial on the aforementioned claim

## **VII. Walmart-strict liability**

97. Each and every paragraph above is realleged by incorporation as if fully stated in this count.

98. At all material times, defendant Walmart was in the business of selling rifles and ammunition, including the subject rifle and ammunition which injured the Plaintiff.

99. Walmart sold the subject ammunition and rifle to Bonnie Erickson.

100. Bonnie Erickson allowed the plaintiff to use the rifle and ammunition without knowledge of the defective nature of it.

101. At the time the subject rifle and ammunition left the possession of Walmart the subject rifle and ammunition were defective making them unreasonably dangerous.

102. Defendant Walmart had a duty to their ultimate users of the rifle and ammunition, to sell only safe and non-defective rifles and ammunition so that serious injuries do not result.

103. The use by the plaintiff of the subject rifle and ammunition was as intended and as anticipated by defendant Walmart.

104. Defendant Walmart placed the subject rifle and ammunition on the market and later sold it when it was defective and unreasonably dangerous.

105. At the time of the design manufacture conversion and sale of the subject ammunition, the defects and unreasonable dangers detailed above were remediable and such remedies were economically feasible to defendant Walmart.

106. As a direct result of the defective and unreasonably dangerous condition of the subject ammunition the Plaintiff sustained significant injury.

107. Defendant Walmart is strictly liable for the injuries sustained by the plaintiff as a result of the defective rifle and ammunition.

108. As a direct and proximate result of the aforementioned, Plaintiff was injured, has sustained considerable damages, including but not limited to severe bodily injuries, brain damage, pain and suffering, disability, disfigurement, mental anguish, the loss of past and future earnings, the loss of capacity for the enjoyment of life, the expenses of hospitalizations, medical care, nursing care, and prescriptions.

109. These damages are either permanent or will continue to be incurred by plaintiff into the future

WHEREFORE, Plaintiff demands judgment against Defendant Walmart, for compensatory damages, interest, costs and such other relief as this Honorable Court may deem just and necessary. Plaintiff demands a jury trial on the aforementioned claim

Case 8:07-cv-00262-JSM-TBM   Document 2   Filed 02/09/07   Page 16 of 16 PageID 38

Date : February 2007                               Respectfully submitted,

                                                   /s/ C. M. Holt
                                                   Carolyn M. Holt, Esq.
                                                   Fl. Bar No. 0130575
                                                   2202 N. West Shore Blvd.
                                                   Suite 200
                                                   Tampa, Fl 33607
                                                   PH: (813) 639-4298
                                                   FAX (813) 855-9820
                                                   Counsel for Plaintiffs