**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**JASON COTTERILL,**

      **Plaintiff,**

**v.**                                                                              **Case No.  8:07-cv-262-T-30TBM**

**O.F. MOSSBERG & SONS, INC.,
et al.,**

      **Defendants.**
_____/

## O R D E R

THIS MATTER is before the court on **Plaintiff's Motion to Compel Identification of Techicians and Permit Depositions of the Newly Identified Individuals** (Doc. 107). By his motion, Plaintiff seeks an order compelling Defendant O.F. Mossberg & Sons, Inc. ("Mossberg"), to produce documents responsive to request nos. 1 and 2 concerning employees involved in the engineering, manufacture, testing, or sale of the subject rifle and granting leave to take the depositions of these individuals beyond the July 18, 2008, discovery deadline. Plaintiff argues that the request was served in February 2007, and no name other than Mr. Bartozzi was provided in response to this question until his deposition as Mossberg's 30(b)(6) representative. Mr. Bartozzi testified that there are seven technicians who work on the Mossberg 100 ATR rifles that are returned for various reasons.

By its response in opposition (Doc. 110), Mossberg argues that, contrary to Plaintiff's contentions, it disclosed the names of numerous of its employees but that the

technicians are employees of Maverick Arms, a corporation wholly-owned by Mossberg Corporation, which also owns named Defendant O.F. Mossberg & Sons, Inc., and that it timely produced service records from Maverick Arms.  Additionally, Defendant indicated it will produce replacement part logs and make available for deposition the manager of Maverick Arms' product services department at its place of business in Texas.[1]

Upon consideration, the motion is **granted in part**.  To the extent that Defendant has not fully complied with the requests for production, it shall do so within fifteen days of the date of this order.  Fact discovery is extended for forty (40) days to permit Plaintiff to take any necessary discovery from Maverick Arms or its employees.  Defendant shall cooperate fully in the scheduling of depositions at Maverick Arms to accomplish the same during this time period.  In all other respects, the motion is denied.

**Done and Ordered** at Tampa, Florida, this 4th day of September 2008.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record

---

[1] Recently, Plaintiff has received numerous other documents which he claims are long overdue.  He urges that he has only recently been advised of the role Maverick Arms plays in the manufacturing and assembly process for the disputed rifle and urges that it will be necessary to amend the complaint to add this company as a Defendant.  Defendant claims Maverick Arm's role was disclosed early on in the case.  In any event, some additional discovery related to Maverick Arms appears appropriate.