**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JASON COTTERILL,

    Plaintiff,

v.                                              Case No.  8:07-cv-262-T-30TBM

O. F. MOSSBERG & SONS, INC. and
WAL-MART STORES EAST, LP,

    Defendants.
_____/

## ORDER

On November 24, 2009, this Court heard oral argument from the parties on multiple motions currently pending before this Court.  For the reasons stated in open court, it is ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Leave to File Amended Complaint (Dkt. 138) is **DENIED**, except to the extent it seeks to correct the corporate name of Defendant O.F. Mossberg & Sons, Inc.

2. Plaintiff's Motion for Amended Case Management and Scheduling Order (Dkt. 152) is **GRANTED in part and DENIED in part**.  Plaintiff may take testimony from the two potential witnesses she has identified in Idaho and Louisiana in order to preserve their testimony for trial.  Defendants may take discovery depositions of the same witnesses, and may also inspect the guns at issue in their respective lawsuits, should they so desire.  Any such depositions

and/or inspections must be conducted at least two (2) weeks prior to the beginning of the trial term in this case.

3. Plaintiff's Motion to Compel (Dkt. 153) is **GRANTED in part and DENIED in part**. Plaintiff's Motion to Compel is granted to the extent Plaintiff seeks the opportunity to examine broken bolt head assembly pins from returned or damaged Mossberg 100 All Terrain Rifles. If Plaintiff wishes to examine said pins, he or his counsel shall arrange for his expert to examine them at Defendants' facility at Plaintiff's expense. The remainder of Plaintiff's Motion Compel is **DENIED**.

4. Defendants' Cross Motion to Compel (Dkt. 159) is **GRANTED in part and DENIED in part**. This Motion is granted to the extent Defendants seek (i) a copy of Charles Willey's Deposition that has been "marked-up" by Bonnie Erickson and/or Plaintiff's counsel, and (ii) handwritten notes made in a notebook by Plaintiff post-accident during a period of time in which he was unable to speak. Within seven (7) days of the date hereof, Plaintiff shall (i) produce the "marked-up" copy of Charles Willey's deposition, in its entirety, to Defendants, and (ii) allow Defendants' counsel to inspect Plaintiff's notebook in order to confirm Defendants have received copies of all pages contained within the notebook. This Motion is **DENIED** to the extent it seeks production of Bonnie Erickson's prescription for Xanax. According to the parties, all other issues addressed by this Motion have been resolved.

5.	Except as otherwise provided in this Order, the case management deadlines previously established by the Court remain unchanged. Should the parties wish to extend those deadlines, they are directed to file the appropriate motion.

**DONE** and **ORDERED** in Tampa, Florida on November 25, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2007\07-cv-262.oral argument.frm